UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

---

| | |
|---|---|
| **WEST BEND INSURANCE COMPANY,** | : |
| **Plaintiff,** | : |
| | : Case No. |
| v. | : |
| | : |
| **DARIEN'S LAWN ENFORCEMENT, LLC,** | : |
| **JONATHAN ERNST, AND** | : |
| **BRIANNE ERNST,** | : |
| | : |
| **Defendants.** | : |

---

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, WEST BEND INSURANCE COMPANY ("West Bend"), by its counsel, Sandberg Phoenix & von Gontard, P.C., files this Complaint for Declaratory Judgment against Defendants, Darien's Lawn Enforcement, LLC ("DLE") Jonathan Ernst, and Brianne Ernst ("the Ernsts"), and in support thereof, alleges as follows:

### Nature of Action

1. West Bend brings this Complaint for Declaratory Judgment pursuant to 28 U.S.C. §§ 2201, *et seq.* and Rule 57 of the Federal Rules of Civil Procedure, seeking a declaration that it has no duty under the West Bend Policies to defend or indemnify DLE in connection with a lawsuit filed by the Ernsts against DLE alleging DLE is liable for property damage allegedly sustained at the Ernsts' property at 858 Emerald Oaks Court, Eureka, MO 63025.

### Parties

2. Plaintiff West Bend is a corporation organized under the laws of the State of Wisconsin with its principal place of business in West Bend, Wisconsin.

1

3. Defendant DLE is a limited liability company organized under the laws of the State of Missouri with its principal place of business in Missouri. Darien Davis is the sole member of DLE and is an individual residing in Missouri and no members of DLE are citizens of Wisconsin.

4. Defendants the Ernsts are individuals residing in St. Louis County, Missouri.

5. No specific relief is requested against the Ernsts, who have been joined herein because they have asserted a claim for damages against DLE and thus, have been joined to be bound by the Court's judgment herein. Should the Ernsts stipulate to be bound by the declaration of rights and judgments herein, West Bend will dismiss them from this matter.

## Jurisdiction and Venue

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C § 1332 in that the amount in controversy exceeds $75,000, exclusive of interest and costs, and the dispute is between citizens of different states.

7. Jurisdiction is further appropriate because this is an action for declaratory judgment pursuant to 28 U.S.C. § 2201.

8. An actual case and controversy of a justiciable nature exists between the parties involving the rights and obligations under policies of insurance issued by West Bend to DLE.

9. Venue is proper in this Court pursuant to 28 U.S.C. §1391(a) and 28 U.S.C. § 1391(b) in that a substantial part of the events or omissions giving rise to this claim occurred in this judicial district, and because DLE resides in this judicial district.

## Factual Background

10. The Ernsts filed a Petition in the Circuit Court of St. Louis County, Missouri, against DLE and the City of Eureka, Missouri, Case No. 23SL-CC03448 (the "Underlying

Lawsuit"). A true and accurate copy of the Petition in the Underlying Lawsuit is attached as Exhibit A ("Petition").

11. The Petition alleges the Ernsts reside in Eureka, Missouri, in St. Louis County, and on or about October 5, 2016, the Ernsts and DLE entered into a labor and materials contract for DLE to perform grading, filling, and construction of a retaining wall at the Ernsts' property. (Exhibit A, at ¶¶ 1, 7 - 8).

12. The Petition alleges the work commenced immediately following execution of the contract and that DLE advised the Ernsts the retaining wall was complete in November 2016. (Exhibit A, at ¶¶ 10 - 11).

13. The Petition alleges that upon being told the retaining wall was complete, the Ernsts told DLE that the wall appeared to be leaning, and DLE stated there was a mistake in construction, but the wall was sound and would settle over time. (Exhibit A, at ¶ 12).

14. The Petition alleges that "[o]n numerous occasions between November 2016 and March 2022, [the Ernsts] complained to DLE regarding issues with the Project, including improper drainage, wall movement, and wall instability." (Exhibit A, at ¶ 15).

15. The Petition alleges that in response to these complaints, DLE inspected the project on numerous occasions between November 2016 and March 2022 and advised the Ernsts the wall was safe and structurally sound. (Exhibit A, at ¶ 16).

16. The Petition alleges that in March 2022, DLE performed additional work at the property after a portion of the retaining wall began to fail, "for the purpose of curing its work performed." (Exhibit A, at ¶ 17).

17. The Petition alleges that in the fall of 2022, the Ernsts hired a contractor to install an "inground pool" and reinforce the retaining wall to support the extra weight of the pool. (Exhibit A, at ¶ 18).

18. The Petition alleges that before work began, the City of Eureka inspected the property, issued a permit for the pool, and advised no work should be done on the retaining wall because it had already passed inspection. (Exhibit A, at ¶¶ 23 - 24).

19. The Petition alleges the materials for the pool were delivered in April 2023 and upon commencement of construction, the retaining wall began to visibly shift, causing the pool construction to be halted. (Exhibit A, at ¶ 29).

20. The Petition alleges the Ernsts have obtained opinions from three experts who have opined the retaining wall must be removed and replaced, at a cost ranging from $63,348 to $108,910. (Exhibit A, at ¶ 30).

21. The Petition contains four Counts, with Counts I - III brought against DLE and Count IV brought against the City of Eureka. (Exhibit A).

22. Count I of the Petition is for Breach of Contract against DLE and alleges DLE breached their contract by failing to perform the project in accordance with the contract specifications. (Exhibit A, at ¶ 37).

23. Count II of the Petition is for Violation of the Missouri Merchandising Practices Act against DLE. Count II alleges DLE "used and employed deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of material facts in connection with the sale of the Retaining Wall, and the services, labor and materials provided in connection therewith, by representing that DLE would perform the Project and Attempted Cure in a workmanlike manner and in accordance with the Contract." (Exhibit A,

at ¶ 43). In Count II, the Ernsts pray for damages as a result of these alleged acts in addition to an award of their attorneys' fees. (Exhibit A, at ¶¶ 46 - 47).

24. Count III of the Petition is for Negligence and alleges DLE breached its duty to perform the Project and Attempted Cure in a good and workmanlike manner by "(a) failing to perform the Project and Attempted Cure in accordance with the Contract; (b) failing to construct the Retaining Wall in a structurally sound manner; (c) failing to properly grade the portions of the Property surrounding the Retaining Wall; and (d) performing the Project and Attempted Cure in a manner causing improper water collection and drainage issues." (Exhibit A, at ¶ 45). The Ernsts allege in Count III that as a result of this negligence, they "have suffered damages to, and loss of use of, the Property and contents thereof…." (Exhibit A, at ¶ 46).

## The Policies

25. West Bend issued to DLE a Commercial General Liability insurance policy under policy number A161228 00, with a policy period of 06/08/2016 to 06/08/2017 ("16-17 Policy"), and a Commercial General Liability policy under policy number A161228 01, with a policy period of 06/08/2017 to 06/08/2018 ("17-18 Policy") (both policies referred to as the "West Bend Policies").

26. The 17-18 Policy was cancelled effective 7/14/2017.

27. A true and accurate copy of the 16-17 Policy is attached as Exhibit B and redacted as to premium amounts only.

28. A true and accurate copy of the 17-18 Policy is attached as Exhibit C and redacted as to premium amounts only.

## West Bend's Reservation of Rights

29. West Bend issued a reservation of rights letter to DLE on September 13, 2023. A true and accurate copy of the reservation of rights letter is attached as Exhibit D.

30. West Bend has defended DLE in the Underlying Lawsuit subject to the reservation of rights.

31. An actual and justiciable controversy has arisen between West Bend on the one hand, and Defendants on the other, concerning the obligations and scope of coverage available under the West Bend Policies with regard to the Underlying Lawsuit's claims against DLE.

32. A judicial declaration is necessary and appropriate at this time so that West Bend can ascertain its coverage obligations to DLE for defense and indemnity under the West Bend Policies with regard to the Ernsts' claims against DLE. A judicial declaration of the parties' rights and obligations under the West Bend Policies will obviate further disputes and terminate the uncertainty and controversy that has given rise to this proceeding.

## COUNT I – DECLARATORY JUDGMENT
## NO DUTY TO DEFEND OR INDEMNITY – NO "OCCURRENCE" ALLEGED

33. West Bend repeats and realleges the allegations in Paragraphs 1 – 32 above as if fully stated herein.

34. Under the West Bend Policies' Insuring Agreement, "[West Bend] will pay those sums that the insured becomes legally obligated to pay as damages because of… 'property damage' [or 'personal and advertising injury'] to which this insurance applies." Exhibits B and C.

35. Additionally, the "property damage" must be caused by an "occurrence" and the "property damage" must occur during the policy period. Exhibits B and C.

36. The West Bend Policies defined "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." Exhibits B and C.

37. The Petition does not allege any "occurrence."

6

38. The lack of an alleged "occurrence" precludes any duty to defend or indemnify under the West Bend Policies.

WHEREFORE, West Bend respectfully requests that this Honorable Court declare and adjudicate the rights and liabilities of the parties under the West Bend Policies and (1) declare that the Underlying Lawsuit does not allege any "occurrence"; (2) declare that West Bend has no duty to defend or indemnify and has no other obligations or duties to DLE relative to the claims asserted by the Ernsts against DLE; and (3) provide such other and further relief as this Court may deem just and equitable.

## COUNT II – DECLARATORY JUDGMENT
## NO DUTY TO DEFEND OR INDEMNIFY – NO "PROPERTY DAMAGE" DURING WEST BEND POLICIES

39. West Bend repeats and realleges the allegations in Paragraphs 1 – 38 above as if fully stated herein.

40. The Underlying Lawsuit does not allege any "property damage" during the policy periods of the West Bend Policies as required for there to be coverage, as any "property damage" did not occur until the Ernsts began construction of their pool.

41. The lack of any "property damage" during the policy periods of the West Bend Policies precludes any duty to defend or indemnify under the West Bend Policies.

WHEREFORE, West Bend respectfully requests that this Honorable Court declare and adjudicate the rights and liabilities of the parties under the West Bend Policies and (1) declare that the Underlying Lawsuit does not allege any "property damage" during the policy periods of the West Bend Policies; (2) declare that West Bend has no duty to defend or indemnify and has no other obligations or duties to DLE relative to the claims asserted by the Ernsts against DLE; and (3) provide such other and further relief as this Court may deem just and equitable.

## COUNT III – DECLARATORY JUDGMENT
## NO DUTY TO DEFEND OR INDEMNIFY – DAMAGE TO PROPERTY EXCLUSION

42. West Bend repeats and realleges the allegations in Paragraphs 1 – 32 above as if fully stated herein.

43. The West Bend Policies contain the following exclusion:

> **j. Damage to Property**
>
> "Property damage" to:…
>
> (5) That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or
>
> (6) That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

44. The Ernsts allege they have suffered damage due to the retaining wall being constructed incorrectly.

45. Therefore, the entirety of the allegations in the Petition are within the Damage to Property Exclusion, which precludes any duty to defend or indemnify DLE.

WHEREFORE, West Bend respectfully requests that this Honorable Court declare and adjudicate the rights and liabilities of the parties under the West Bend Policies and (1) declare that the Underlying Lawsuit is entirely within the Damage to Property Exclusion of the West Bend Policies; (2) declare that West Bend has no duty to defend or indemnify and has no other obligations or duties to DLE relative to the claims asserted by the Ernsts against DLE; and (3) provide such other and further relief as this Court may deem just and equitable.

## COUNT IV – DECLARATORY JUDGMENT
## NO DUTY TO DEFEND OR INDEMNIFY – DAMAGE TO YOUR PRODUCT EXCLUSION

46. West Bend repeats and realleges the allegations in Paragraphs 1 – 32 above as if fully stated herein.

47. The West Bend Policies contain the following exclusion:

**k. Damage to Your Product**

"Property damage" to "your product" arising out of if or any part of it.

48. The retaining wall is DLE's "product" and/or any alleged "property damage" arose from the retaining wall as DLE's "product." Therefore, the entirety of the allegations in the Underlying Lawsuit are within the Damage to Your Product Exclusion, thus precluding any duty to defend or indemnify.

WHEREFORE, West Bend respectfully requests that this Honorable Court declare and adjudicate the rights and liabilities of the parties under the West Bend Policies and (1) declare that the Underlying Lawsuit is entirely within the Damage to Your Product Exclusion of the West Bend Policies; (2) declare that West Bend has no duty to defend or indemnify and has no other obligations or duties to DLE relative to the claims asserted by the Ernsts against DLE; and (3) provide such other and further relief as this Court may deem just and equitable.

## COUNT V – DECLARATORY JUDGMENT
## NO DUTY TO DEFEND OR INDEMNITY – DAMAGE TO IMPAIRED PROPERTY OR PROPERTY NOT PHYSICALLY INJURED

49. West Bend repeats and realleges the allegations in Paragraphs 1 – 32 above as if fully stated herein.

50. The West Bend Policies contain the following exclusion:

**m. Damage to Impaired Property Or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

(1) A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

9

(2) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

51. All alleged "property damage" falls within this exclusion, which precludes any duty to defend or indemnify.

WHEREFORE, West Bend respectfully requests that this Honorable Court declare and adjudicate the rights and liabilities of the parties under the West Bend Policies and (1) declare that the Underlying Lawsuit is entirely within the Damage to Impaired Property or Property Not Physically Injured Exclusion of the West Bend Policies; (2) declare that West Bend has no duty to defend or indemnify and has no other obligations or duties to DLE relative to the claims asserted by the Ernsts against DLE; and (3) provide such other and further relief as this Court may deem just and equitable.

## COUNT VI – DECLARATORY JUDGMENT
## NO DUTY TO DEFEND OR INDEMNIFY COUNT I – CONTRACTUAL LIABILITY EXCLUSION

52. West Bend repeats and realleges the allegations in Paragraphs 1 – 32 above as if fully stated herein.

53. The West Bend Policies contain the following Contractual Liability Exclusion:

**1. Exclusions**

This insurance does not apply to:

**\*\*\***

**a. Contractual Liability**

"Bodily injury" or "property damage" for which the insured is legally obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply for damages:

1. That the insured would have in the absence of the contract or agreement; or

    2. Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:
        a. Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and
        b. Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

54. Count I alleges DLE breached its contract with the Ernsts.

55. Count I is excluded by the Contractual Liability Exclusion which precludes any duty to defend or indemnify Count I.

WHEREFORE, West Bend respectfully requests that this Honorable Court declare and adjudicate the rights and liabilities of the parties under the West Bend Policies and (1) declare that Count I of the Petition in the Underlying Lawsuit is excluded by the Contractual Liability Exclusion of the West Bend Policies; (2) declare that West Bend has no duty to defend or indemnify and has no other obligations or duties to DLE relative to Count I; and (3) provide such other and further relief as this Court may deem just and equitable.

## COUNT VII – DECLARATORY JUDGMENT
## NO DUTY TO INDEMNITY ANY AWARD OF ATTORNEYS' FEES IN COUNT II

56. West Bend repeats and realleges the allegations in Paragraphs 1 – 32 above as if fully stated herein.

57. The West Bend Policies contain the following language regarding Supplementary Payments that West Bend will pay:

**SUPPLEMENTARY PAYMENTS -- COVERAGES A AND B**

1. We will pay, with respect to any claim we investigate or settle, or any "suit" against an insured we defend:

***

e. All court costs taxed against the insured in the "suit." However, these payments do not include attorneys' fees or attorneys' expenses taxed against the insured.

58.     Count II seeks an award of attorneys' fees in pursuing the claim. To the extent there is a duty to indemnify any damages in Count II, the Supplementary Payments provision makes clear any award of attorneys' fees or expenses taxed against DLE are not indemnifiable under the West Bend Policies.

WHEREFORE, West Bend respectfully requests that this Honorable Court declare and adjudicate the rights and liabilities of the parties under the West Bend Policies and (1) declare that any attorneys' fees or attorneys' expenses taxed against DLE are not indemnifiable under the West Bend Policies; and (2) provide such other and further relief as this Court may deem just and equitable.

<strong><u>COUNT VIII – DECLARATORY JUDGMENT<br>NO COVERAGE UNDER THE 17-18 POLICY</u></strong>

59.     West Bend repeats and realleges the allegations in Paragraphs 1 – 32 above as if fully stated herein.

60.     The West Bend Policies define "property damage" as the following:

**17.** "Property damage" means:

a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

61. Therefore, even if there was "property damage" during a West Bend policy period, all "property damage" would be deemed to occur in the 16-17 Policy as the Policies state "[a]ll such loss of use shall be deemed to occur at the time of the physical injury [or "occurrence"] that caused it."

62. As all "property damage" would be deemed to occur in the 16-17 Policy, there can be no coverage under the 17-18 Policy as there would be no "property damage" that occurred during the 17-18 Policy's policy period.

WHEREFORE, West Bend respectfully requests that this Honorable Court declare and adjudicate the rights and liabilities of the parties under the West Bend Policies and (1) declare that there is no coverage under the 17-18 Policy for the Underlying Lawsuit; (2) declare that West Bend has no duty to defend or indemnify and has no other obligations or duties to DLE relative to the 17-18 Policy; and (3) provide such other and further relief as this Court may deem just and equitable.

SANDBERG PHOENIX & von GONTARD P.C.

By: */s/ Aaron D. French*
Aaron D. French, #50759MO
Stephen W. Carman, #70910MO
701 Market St., 6th Floor
St. Louis, MO  63101-1313
314-231-3332
314-241-7604 (Fax)
afrench@sandbergphoenix.com
scarman@sandbergphoenix.com

*Attorneys for Plaintiff West Bend Insurance Company*